FARRIS, Circuit Judge,
dissenting:
Bankruptcy courts sit as courts of equity, but they may not avoid the plain language of a statute. In re Shoreline Concrete Co., 831 F.2d 903, 905 (9th Cir.1987). We must decide whether the Bankruptcy Appellate Panel’s interpretation of 11 U.S.C. § 547(b)(5) is plausible.
Section 547(b)(5) states:
[T]he trustee may avoid any transfer of an interest of the debtor in property—
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the ease were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
The plain language of the statute does not limit consideration to funds from Powerine’s estate. Under a hypothetical chapter 7 liquidation, it could have collected from First National as “provided by the provisions of this title.” In its opinion, the BAP ruled that “[n]othing in title 11 would prevent a draw down on the credits here at issue had Powe-rine filed bankruptcy without paying Koch.”
In my opinion, the BAP’s decision does not avoid the plain language of section 547(b)(5). I respectfully dissent.